UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETSUKO INOBE,<br><br>        Plaintiff,<br><br>v.<br><br>NORIKO HINO,<br><br>        Defendant. | Case No. 2:23-cv-08102-SB-JPR<br><br><br>ORDER TO SHOW CAUSE RE JURISDICTION |

　　　　Plaintiff Setsuko Inobe filed a pro se complaint primarily alleging that he was improperly denied a fair trial in a state court action where he sought unpaid wages from his employer. Dkt. No. 1. Plaintiff requests that this Court, pursuant to Federal Rule of Civil Procedure 60, rectify the alleged harm he suffered in state court through a retrial. *Id*.

　　　　Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See e.g.*, Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). This Court has a duty to assess whether federal subject matter jurisdiction exists and may consider the issue sua sponte at any stage of the proceedings. *See* Allstate Ins. Co. v. Hughes, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also* Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

　　　　A federal district court generally has original jurisdiction over a civil action when: (1) a federal question is presented in an action "arising under the Constitution, laws, or treaties of the United States" or (2) there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a).

    Plaintiff does not adequately allege federal question jurisdiction. "Under the *Rooker-Feldman* doctrine, a state-court decision is not reviewable by lower federal courts. This doctrine bars a federal district court from exercising subject matter jurisdiction not only over an action explicitly styled as a direct appeal, but also over the de facto equivalent of such an appeal." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (cleaned up). Plaintiff asks the Court to review a state court proceeding under Rule 60 and provide appropriate relief. But this Court lacks jurisdiction to do so. *See Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) (determining that 28 U.S.C. § 1257, which expressly authorizes the U.S. Supreme Court to review state court judgments, "impliedly prohibits the lower federal courts from doing so").

    Plaintiff is therefore ordered to show cause, in writing, no later than October 20, 2023, at 9:00 a.m., why the Court has jurisdiction over this case. *Failure to timely comply may be deemed as a concession that this Court lacks jurisdiction and may result in dismissal of the case.*

    IT IS SO ORDERED.

Date: October 11, 2023

                                          Stanley Blumenfeld, Jr.
                                          United States District Judge