JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SETSUKO INOBE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>NORIKO HINO,<br><br>　　　　Defendant. | Case No. 2:23-cv-08102-SB-JPR<br><br><br>ORDER DISMISSING CASE FOR LACK OF JURISDICTION |

　　　　Plaintiff Setsuko Inobe, a self-represented litigant, filed an application to proceed in forma pauperis (IFP), Dkt. No. 2, along with a complaint requesting "a fair retrial" in state court, Dkt. No. 1 at 11.  The Court issued an order to show cause (OSC) why it had subject-matter jurisdiction in light of the *Rooker-Feldman* doctrine.  Dkt. No. 8.  Under that doctrine, a district court has no authority "to overturn an injurious state-court judgment." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005).

　　　　In response to the OSC, Plaintiff sets forth several reasons why she believes the state court proceedings were unfair, including that (1) the failure to provide an interpreter violated 28 U.S.C. § 1827;[1] (2) the California Court of Appeal erred in neglecting to hear her retrial request; and (3) "three new accomplices were added to the defendant's side" and perjured themselves in state court.  Dkt. No. 16.  After identifying these issues, Plaintiff essentially acknowledges she is challenging the state court proceedings, stating that her "discovery of procedural errors by the [state] court" was delayed because the state court records are sealed.  Plaintiff requests "relief and supervision from the Federal Court." *Id*.  She ends by

---

[1] Section 1827, which addresses the provision of interpreters for federal proceedings "instituted by the United States," is facially inapplicable to Plaintiff's state court proceedings.  28 U.S.C. § 1827; *see United States v. Murguia-Rodriguez*, 815 F.3d 566, 568 (9th Cir. 2016) (stating that §1827 "protects the rights of *federal* litigants with limited English proficiency") (emphasis added).

conclusorily asserting that "the principles of the *Rooker-Feldman* doctrine do not apply" to this "exceptional case." *Id*. at 3.

As explained in the OSC, federal courts have subject-matter jurisdiction only over matters authorized by the U.S. Constitution and Congress. *See e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Because of these limits, federal courts have a duty to assess, sua sponte if necessary, whether they have jurisdiction. *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (recognizing that "Article III generally requires a federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case").

The *Rooker-Feldman* doctrine prohibits district courts from reviewing "final determinations of a state court in judicial proceedings." *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021). "This doctrine bars a federal district court from exercising subject matter jurisdiction not only over an action explicitly styled as a direct appeal, but also over the de facto equivalent of such an appeal." *Hooper v. Brnovich*, 56 F.4th 619, 624 (9th Cir. 2022) (cleaned up). Stated differently, "when a losing plaintiff in state court brings a suit in federal district court asserting as legal wrongs the allegedly erroneous legal rulings of the state court and seeks to vacate or set aside the judgment of that court, the federal suit is a forbidden de facto appeal." *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003).

The complaint in this action is an attack on the state court judgment. Plaintiff alleges that the state court erred in dismissing her unpaid wages and fraud claims against her employer following a trial she contends was tainted by procedural errors. Dkt. No. 1 ¶ 5. Specifically, Plaintiff asserts that the trial court failed to consider evidence she timely and properly submitted and failed to provide an interpreter at a final status conference in violation of 28 U.S.C. § 1827. *Id.* ¶¶ 6–7, 18. Plaintiff further alleges that the appellate court improperly rescinded extensions it had granted her to file a petition for rehearing. *Id.* ¶ 19. She brings claims based on "Superior Court Procedural Errors" and "Court of Appeal Errors." *Id.* at 7–10.[2] In her prayer for relief, Plaintiff requests a "fair trial with . . . an

---

[2] Plaintiff also appears to assert the same claims she lost in state court, except she attempts to partially repackage them as federal claims. *See* Dkt. No. 1, at 5 (First Cause of Action for alleged violations of the Fair Labor Standards Act and the California Labor Code); at 6 (Second Cause of Action for Perjury and Related False Statements). The first cause of action is barred by principles of res judicata. *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Res

interpreter" and a "fair retrial allowing all parties equal access to the evidence." *Id*. ¶¶ 22–23.

In conclusion, the U.S. Supreme Court has stated that the *Rooker-Feldman* doctrine applies "to . . . cases [1] brought by state-court losers [2] complaining of injuries caused by state-court judgments [3] rendered before the district court proceedings commenced and [4] inviting district court review and rejection of those judgments." *Exxon Mobil*, 544 U.S. at 284. Plaintiff's complaint fits this mold. The relief Plaintiff seeks "would effectively reverse the state court decision or void its ruling." *Hooper*, 56 F.4th at 625. This is "a pure horizontal appeal of the state court's decision," *id*., and this Court lacks jurisdiction to grant such relief. Accordingly, the Court dismisses the complaint for lack of subject-matter jurisdiction without leave to amend.

IT IS SO ORDERED.

Date: December 11, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

---

judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action."). The second cause of action, asserting a criminal offense, cannot be maintained by Plaintiff. *See Fuller v. Unknown Offs. from the Just. Dep't Crime Div.*, 387 F. App'x 3, 4 (D.C. Cir. 2010) ("To the extent appellant attempted to raise causes of actions based on criminal statutes, there is no private cause of action for perjury, 18 U.S.C. § 1621; subornation of perjury, 18 U.S.C. § 1622; false declarations before a grand jury or court, 18 U.S.C. § 1623 . . .").